**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**KENNETH JOHN PACHINGER**                                              **PLAINTIFF**

V.                     **CASE NO. 2:12CV00161 BSM/BD**

**USA**                                                                                    **DEFENDANT**

**RECOMMENDED DISPOSITION**

**I.**    **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

II.   **Background:**

Kenneth John Pachinger, formerly a federal inmate housed at the Federal Correctional Complex ("FCC") in Forrest City, Arkansas, filed this lawsuit pro se under the Federal Tort Claim Act ("FTCA").  (Docket entry #2)  Mr. Pachinger claims that after he underwent surgery to remove perianal warts, he was not provided adequate post-surgical care.  He properly names the United States as the only Defendant.

The United States has now moved for summary judgment on Mr. Pachinger's FTCA claim.  (#23)  Mr. Pachinger has responded to the motion, and the United States has replied.  (#32, #33, #34)

Based on the evidence presented, the Court recommends that the motion for summary judgment (#23) be GRANTED, and that Mr. Pachinger's claims be DISMISSED, with prejudice.

III.   **Discussion:**

A.   Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986);

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).  The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).  If the moving party meets this burden, the nonmoving party must respond by coming forward with evidence showing that there remains a genuine dispute that must be decided at a trial.  *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).

    B.    FTCA Claim

In FTCA actions, the law of the state where the alleged tort occurred controls.  *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 743 (8th Cir. 2009).  Mr. Pachinger states that the medical negligence in this case occurred in Forrest City, Arkansas.

When a medical negligence claim involves a medical provider's failure to properly diagnose, assess, and manage care and treatment, the claim falls under Arkansas's Medical Malpractice Act ("AMMA").  *Dodd v. Sparks Regional Med. Ctr.*, 90 Ark. App. 191, 198, 204 S.W.3d 579, 583 (2005).

"In order to sustain a claim for medical malpractice, one must prove the applicable standard of care, the defendant's breach thereof, and that the defendant's breach proximately caused injury."  *Jones v. McGraw*, 374 Ark. 483, 486, 288 S.W.3d 623, 626 (2008) (citations omitted).  Generally, a plaintiff has the burden of proving these three propositions by expert testimony.  *Lee v. Martindale*, 103 Ark. App. 36, 40, 286 S.W.3d 169, 172 (2008).  A plaintiff must present expert testimony when the asserted negligence

3

does not lie within the jury's comprehension as a matter of common knowledge. *Id*. "In malpractice cases, a defendant is entitled to summary judgment when it is shown that the plaintiff has no qualified expert to testify as to the applicable standard of care." *Dodd*, 90 Ark. App. at 198, 204 S.W.3d at 584.

Here, Mr. Pachinger alleges that he was not provided sufficient post-surgical care in April 2010. It is undisputed that Mr. Pachinger was prescribed fifteen tablets of Lortab to be taken as needed for three days. Likewise, it is undisputed that prison officials at the FCC dispensed to Mr. Pachinger Tylenol #3 twice daily for four days.[1] (#25-1 at pp.2, 13, 14, 16) During this time period, Mr. Pachinger never indicated that he was in pain or needed additional pain medication. (#25-1 at p.3) In addition, although Mr. Pachinger's discharge instructions recommended that he take "sitz baths," FCC inmates are not issued the bowls used for sitz baths. (#25-1 at pp.2-3) Accordingly, Mr. Pachinger was instructed on warm water soaks in the shower. (#25-1 at p.2)

In his response to the motion for summary judgment, Mr. Pachinger offers the declaration of Andrew Sugantharaj, M.D., an internal medicine physician licensed to practice in Tennessee. (#33 at pp.7-9) Dr. Sugantharaj testifies that providing Mr. Pachinger Tylenol #3 twice daily did "not meet the medical standard of care for this post-

---

[1] Because Lortab was "non-formulatory," Dr. Peikar ordered acetaminophen with codeine tablets. (#25-1 at p.1) If an inmate is prescribed a non-formulatory, the clinician may submit a non-formulatory request for approval or substitute the medication with an equivalent alternative. (#25-2 at p.1) The non-formulatory approval process can take up to four days to complete. (#25-2 at p.2)

operative patient." (#33 at p.7) In addition, he explains that allowing Mr. Pachinger to stand in the shower would have caused additional pain, as well as "possible complications for healing." (#33 at p.7) Dr. Sugantharaj also opines that, while he is not licensed to practice medicine in Arkansas, he is "certain that these standards would also apply to the locality and similar or 'like' environment of Arkansas."

As an initial matter, the Court notes that the issue of proper post-surgical care is not a matter of common knowledge, and that expert testimony is necessary to establish a breach of the applicable standard of care in this case. See *Gonzalez v. United States*, 2010 WL 4054246 (E.D. Ark. Oct. 15, 2010).

In reply to Mr. Pachinger's response, the United States argues that, while Dr. Sugantharaj may be competent to testify as to the standard of care in East Tennessee, his opinion is insufficient under the AMMA to establish a breach of the standard of care in Arkansas. The United States argues that this expert testimony fails to satisfy Mr. Pachinger's burden to demonstrate the applicable standard of care in this case. (#33 at p.7)

In *Plymate v. Martinelli*, 2013 WL 1932918 (Ark. May 9, 2013), the Arkansas Supreme recently held that an expert's testimony failed to establish the applicable standard of care for a specific locality in Arkansas. Relying on previous Arkansas Supreme Court decisions, the Court held that an affidavit from an expert is inadequate if the expert never testifies about the "degree of skill and learning ordinarily possessed by

doctors in good standing in the locality. If the expert fails to initially establish this standard of care, any testimony the witness gives as to the [] failure to meet the standard is of no merit." *Plymate*, 2013 WL 1932918, *2.

Here, although Dr. Sugantharaj concludes that officials at the FCC breached the appropriate standard of care, he fails to explain what the proper standard of care is in either Forrest City, Arkansas, or in the FCC in Forrest City, Arkansas. Therefore, his conclusory statement that the standard of care was breached is insufficient. As a result, Mr. Pachinger's FTCA claim fails, and the United States is entitled to judgment as a matter of law.

**IV.  Conclusion:**

The Court recommends that the motion of the United States for summary judgment (#23) be GRANTED, and that Mr. Pachinger's claims be DISMISSED, with prejudice.

DATED this 20th day of November, 2013.

_____
UNITED STATES MAGISTRATE JUDGE